# LANKFORD *et al. v.* HOLTON *et al.*

No. 14611.   SEPTEMBER 11, 1943.   REHEARING DENIED OCTOBER 8, 1943.

632

W. C. *Lankford,* for plaintiffs in error.

R. A. *Moore,* L. L. *Forchheimer,* and S. F. *Memory,* contra.

ATKINSON, Justice. From an examination of the present and past records in this case it is clear that Mrs. Mattie L. Lankford is claiming equitable relief on matters in which other plaintiffs have no interest; and the same is true as to Mrs. Lankford's lack of interest in matters claimed by the heirs of H. L. Lankford. It is also very plain that in this case Mrs. Lankford is attempting to relitigate questions that have been or could have been settled in the former litigation. The questions have been adjudicated adversely to her, and she cannot now raise them. Code, §§ 110-501, 3-607. See *McRea* v. *Dutton,* 95 *Ga.* 267, 270 (22 S. E. 149). In *Claflin* v. *DeVaughn,* 106 *Ga.* 282, 293 (32 S. E. 108), this court said: "If this [former] decree was erroneous, it is now too late to attack it. The rights of the parties to this litigation must stand or fall by the record as made."

Equity is slow to interfere with a former decree between the same parties when all the parties have had their day in court. *Isaacs* v. *Tinley,* 58 *Ga.* 457 (4); *Reynolds & Hamby Estate Mortgage Co.* v. *Martin,* 116 *Ga.* 495 (2b) (42 S. E. 796).

As to the lack of the right of the parties to relitigate or reargue questions finally settled between the parties the words of Judge Lumpkin in *Thornton* v. *Lane,* 11 *Ga.* 459, 489, are appropriate: "As to the right of a party to reassign, upon another writ of error in the same case, points which have already been determined, we wish the position of this court to be distinctly understood; and this is rendered the more necessary from the fact that its own authority is invoked for the new feature, now for the first time to be en-

grafted in our judicial system. Let it not be supposed for a moment that parties are entitled to this privilege as matter of right; and that if it be conceded in any case, it is of favor only." Also the remarks of Judge McCay in *Russell* v. *Slaton,* 38 *Ga.* 195, 198: "The judgment of affirmance or reversal, by this court, of the judgment of the court below is not the subject of review. This is a court of the last resort, and it would be an extraordinary law indeed that would justify such a review. Not that this court is infallible, but that such a proceeding would be child's play. Certainly the argument of the judge who writes out the reasons for the judgment, however false in logic or in fact, cannot be a ground for rehearing that case. If the law of the case is adjudged wrongly, the Code provides that the question of law may, on motion, be reheard; but until that is done, it is binding on the court even for future cases. We are aware that there have been cases when courts, even of the last resort, have allowed their judgments to be opened and reheard. We think, however, that those cases are cases where there was fraud, no parties, or some state of facts which made the judgment a nullity. 1st Grattan, 81. 3d Call, 323. 7th Grattan, 84. We do not say that there might not arise a case in which it might be made the ground of a proceeding in the proper court, that the judgment of this court, in a case before it, was made upon a mistake of fact—as, for instance, the life of a party—or was procured by fraud. This is by no means such a case. This case, if sustained, would be on the ground that the court had not read the record, and did not, in fact, know what it was doing."

In ruling that the question is not open to review, no inference is to be drawn that, if reviewed, this court would be of any different opinion.

All questions between parties once and finally settled by a solemn decree must be considered as an end to the litigation. They cannot be relitigated in other actions directly or indirectly. Final judgments of this court cannot be reviewed between the same parties in the superior court or on writ of error to this court. One of the prime objects of judicial procedure is to forever settle and end disputes between litigants, and courts never look with favor on the unnecessary prolongation of litigation, and particularly disapprove attempts to ignore or evade binding judgments. All the questions

that the plaintiff in error raised in her equitable petition were or could have been put in issue in the land-registration proceeding in which there is a final decree. She cannot now say that this court or the trial court committed error in their decisions or decrees. If this were not true, a court of final resort would be useless, for its judgments would be meaningless and appeals unavailing.

With approval we quote the words of Judge Lumpkin in *Young v. Harrison,* 21 *Ga.* 584, 591: "We regret to see the attempt so frequently made to evade, under some pretense or another, the judgment of this court already solemnly pronounced between the same parties in the cause."

There was no error in sustaining the demurrer and striking the name of Mrs. Mattie L. Lankford as a party plaintiff.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Grice and Duckworth, JJ., and Judge Etheridge concur.*

Note by ATKINSON, J. At the time this case was submitted, Judge A. L. Etheridge, of the Atlanta Circuit, was designated by the court to preside instead of Chief Justice Reid, who was disqualified. Subsequently Chief Justice Reid resigned, and Presiding Justice Bell was appointed Chief Justice, and Hon. Lee B. Wyatt was appointed Associate Justice. Judge Wyatt, having thus become a member of the court after Judge Etheridge had been lawfully designated and after the case had been submitted, did not participate in the consideration or decision of this case. See *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 559 (174 S. E. 131).