### POORE *v.* RIGSBY *et al.*

DUCKWORTH, Chief Justice. The rulings by this court on the former appearance of this case—*Poore* v. *Rigsby*, 206 *Ga.* 66 (55 S. E. 2d, 547)—have become the law of the case and are binding upon all parties and all courts. In that case the judgment under review was one overruling the plaintiff's demurrer to the defendants' plea in bar, which was based upon a former judgment in an ejectment action. It was held that the plea was fatally defective in that the judgment relied upon did not adjudicate the legal title or fee. In the present case, the judgment under review is one overruling a demurrer to another amendment to the plea in bar, which again seeks to bar the proceedings with the same judgment in the ejectment case which, on the former appearance, this court held was insufficient for that purpose. The former ruling on that question becomes the law of the case and is now controlling. *Lankford* v. *Holton*, 196 *Ga.* 631 (27 S. E. 2d, 310); Code, § 110-501. Since the present amendment is dependent upon that judgment, irrespective of other allegations there made—none of which show the judgment relied upon as a bar adjudicated the legal title to the land involved—it is, under

the law of the case, fatally defective as a plea in bar, and the court erred in overruling the general demurrer thereto. The erroneous ruling on the demurrer rendered all subsequent proceedings nugatory.

*Judgment reversed. All the Justices concur.*

No. 17167. JULY 11, 1950. REHEARING DENIED JULY 24, 1950.

*J. D. Gardner* and *A. H. Gray*, for plaintiff.
*Robert B. Culpepper Jr.*, for defendants.