## 18311. COGGINS $v$. EDMONDS.

WYATT, Justice. J. W. Coggins filed a petition in Gwinnett Superior Court against H. P. Edmonds, which as amended alleged substantially as follows: In September, 1916, the petitioner executed warranty deeds conveying 160 acres of land to the defendant in settlement of an indebtedness amounting to $8,280. Shortly thereafter, the parties, who were brothers-in-law, entered into a parol contract by the terms of which the petitioner was given the privilege of repaying the $8,280 and, upon this being done, the defendant was to reconvey the land to the petitioner. The petitioner has repaid the indebtedness to the defendant, but the latter refuses to reconvey the land. The petition sets up as an exhibit the following instrument: "I have this day received of H. P. Edmonds 50 acres of land, deed to be executed to me in full of and complete settlement and satisfaction of all claims or demands I have against him as shown by my suit number 2979, now pending in the superior court of said county, the same being J. W. Coggins vs. H. P. Edmonds in said court, and said suit is to be dismissed. It is the purpose and intent of this settlement that all matters between the parties, whether included in said suit or not, is fully and finally adjudicated, and I now disclaim any interest whatsoever in any of the lands mentioned in said suit, or described therein, and aver that the fee simple title is in H. P. Edmonds." The above instrument is signed by J. W. Coggins. The petition further alleges that this instrument is invalid and void because of alleged fraud practiced on the petitioner at the time it was signed. The prayers of the petition were: "1. That the said paper signed by him on October the 31st, 1949, be declared null and void ab initio, and of no effect; 2. That the deed executed by him to the said H. P. Edmonds on September the 1st, 1916, and also the deed executed to the said H. P. Edmonds on September the 11th, 1916, be cancelled as a cloud on petitioner's title to the land described in the two said deeds . ."; and for general relief. The trial court sustained a general demurrer and dismissed the petition. The exception here is to that judgment. *Held:*

In *Coggins* v. *Edmonds*, 209 *Ga.* 381 (73 S. E. 2d 199), the subject matter of this litigation was before this court. There the present plaintiff in error sought cancellation of the deeds executed in 1916, here involved. The defendant, Edmonds, pleaded accord and satisfaction based upon the agreement dated October 31, 1949, which is set out in the foregoing statement of facts. In that case this court said (at p. 383): "The evidence as disclosed by the foregoing statement of facts showing the petitioner admitted that he had signed a paper which constituted a definite, certain, and unambiguous settlement of a prior suit involving the identical oral contract that is relied upon in this litigation, and that after obtaining the consent of counsel who represented him in the prior suit, he had paid the costs, and dismissed the prior suit, the trial court did not err in directing a verdict for the defendant." Here we are dealing with the same oral contract, and the same written instrument, there involved. If there is any way to finally adjudicate a matter, the question here sought to be raised was once and for all settled and adjudicated

by the former decision of this court. If the plaintiff in error desired to make any attack upon the agreement of settlement, he then had the opportunity to do so, and should have done so at that time. Since he did not, or if he did, the issue was decided against him, it is now too late to raise the question here sought to be raised. This rule of law is so elementary (it having been stated probably in every volume of the Supreme Court Reports, or certainly in a majority of them) that it is therefore not necessary to set it forth here. It follows, the judgment complained of was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1953—DECIDED OCTOBER 14, 1953—REHEARING DENIED NOVEMBER 12, 1953.

*J. V. Poole,* for plaintiff in error.

*W. L. Nix,* contra.