19808. REWIS *v.* BENNETT *et al.*

Candler, Justice. On April 20, 1954, Joe Rewis filed an equitable suit in the Superior Court of Echols County against Bennie G. Bennett, and prayed for a judgment against him for the value of certain timber which he had allegedly cut and removed wrongfully from described lands, and for an injunction to prevent him from committing further acts of trespass thereon. On the trial, and after the parties had introduced their evidence, the defendant's motion for a directed verdict was denied. The jury returned a verdict for the plaintiff, but awarded no amount as damages. The defendant filed a motion for new trial and a motion for judgment notwithstanding the verdict. Both motions were denied, and the case came for review to this court, which held that the evidence demanded a finding that the plaintiff neither had title to the land involved nor actual possession of it, and that the trial judge erred in not directing a verdict in accordance with the defendant's motion

therefor, and subsequently in refusing to grant the defendant's motion for judgment notwithstanding the verdict. Accordingly, the trial court was directed by this court to vacate the verdict and to enter a final judgment for the defendant. See *Bennett* v. *Rewis*, 212 *Ga.* 800 (96 S. E. 2d 257). On March 12, 1957, and without his status as to title or possession having changed, Rewis filed another suit against Bennett and three others, and alleged that they were wrongfully cutting and removing timber from the lands involved in his former suit against Bennett. His petition in the instant case also alleges that the final judgment rendered in his former action, which was entered by the trial court pursuant to direction from this court, stands as an adjudication of his right to relief respecting the acts here complained of; and it contains a prayer that such former judgment be set aside to the extent that it may not be considered as an adjudication of his rights in this proceeding. However, his petition makes no attack on the validity of the judgment, and the only reason alleged for setting it aside is to open the way for prosecuting this action for other relief, which he allegedly cannot obtain until such judgment is set aside since it is a bar to the maintenance of this action. A general demurrer to the petition was sustained, and the exception is to that judgment. *Held:*

Treating the petition either as a bill in the nature of a bill of review, as the pleader denominates it, or as one to set aside a judgment rendered by a court of competent jurisdiction, it fails to state a cause of action, and a general demurrer thereto was properly sustained. A judgment rendered by a court of competent jurisdiction is conclusive between the parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue, in the cause wherein it was rendered, until such judgment is reversed or set aside. Code § 110-501. And it is elementary that judgments can only be set aside by the courts for one or more of the reasons specified in the Code as grounds therefor. In this case the petition alleges no reason recognized by law or equity as a ground for setting aside the judgment entered in the former action by the trial court in consequence of the direction given in the cause by this court. All questions between the parties once and finally settled by solemn judgment must be considered as an end to the litigation; they cannot be relitigated in other actions, directly or indirectly.

*Poore* v. *Rigsby,* 207 *Ga.* 238 (60 S. E. 2d 239), and the authorities there cited. The judgment complained of is therefore not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1957—DECIDED OCTOBER 11, 1957.

*A. W. Touchton,* for plaintiff in error.

*H. B. Edwards, Sr., H. B. Edwards, Jr., W. J. Gibbons, Eberhardt, Franklin, Barham & Coleman,* contra.