20403. SMITH *v.* ROBINSON *et al.*

HEAD, Justice. 1. The plaintiff's right to proceed against the defendant Randall was terminated by the final judgment

against him (*Smith* v. *Robinson*, 212 *Ga.* 761, 762, 95 S. E. 2d 798), for a recovery of the amounts paid Randall by the plaintiff. A judgment of a court of competent jurisdiction is conclusive between the parties as to all matters in issue, or which under the rules of law might have been put in issue until such judgment is reversed or set aside. Code §§ 110-501, 38-623, 3-607; *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833); *Hubbard* v. *Whatley,* 200 *Ga.* 751 (38 S. E. 2d 738); *Lankford* v. *Holton,* 204 *Ga.* 192 (48 S. E. 2d 833); *Lankford* v. *Dockery,* 206 *Ga.* 675 (58 S. E. 2d 403); *Coggins* v. *Edmonds,* 210 *Ga.* 196 (78 S. E. 2d 418). The plaintiff was not entitled to proceed further on the same cause of action against the defendant John Clyde Randall.

2. In the present case, as in the former action, the plaintiff prayed for a reformation of the description in her contract with Randall. The petition does not allege that the description as contained in the contract was the result of a mistake on the part of both parties, or mistake on the part of one party and fraud on the part of the other, and no right to reformation of the contract is shown. Code §§ 37-207, 37-215; *Gibson* v. *Alford,* 161 *Ga.* 672 (132 S. E. 442); *Salvage Sales Co.* v. *Aarons,* 181 *Ga.* 133 (181 S. E. 584); *Rawson* v. *Brosnan,* 187 *Ga.* 624 (1 S. E. 2d 423); *Yablon* v. *Metropolitan Life Ins. Co.,* 200 *Ga.* 693, 704 (38 S. E. 2d 534). John Clyde Randall was not merely a proper party, but an essential party, to the reformation of his contract; and the plaintiff having recovered a final judgment (which judgment was for a full recovery of the amounts paid by her), she can not pursue the matter further for a reformation of her contract with Randall, and for specific performance of that contract by the Robinsons, on the theory that they purchased from Randall with knowledge of her contract. Questions settled by a former final judgment must be considered an end of the litigation; they can not be litigated in other actions, directly or indirectly. *Lankford* v. *Holton,* 196 *Ga.* 631 (27 S. E. 2d 310).

3. The contention of the plaintiff, that the overruling of the defendants' demurrers on the same date the court sustained the plea in bar as to the defendant Randall amounted to a judgment that the petition stated a cause of action for the relief prayed, is without merit. The demurrers were filed subject to the plea in bar previously filed. The judge having reserved

his ruling on the plea in bar as to the defendants Robinson, the ruling on the demurrers did not preclude a subsequent judgment, which in effect sustained the plea in bar as to the remaining defendants, and dismissed the action.

*Judgment affirmed.  All the Justices concur.*

SUBMITTED MARCH 9, 1959—DECIDED APRIL 9, 1959.

*Hicks & Henderson,* for plaintiff in error.

*Reed, Ingram & Flournoy, Conley Ingram, J. G. Roberts,* contra.