20606. SHAW *et al. v.* MILLER.

*Sheats, Parker & Webb, Harold Sheats,* for plaintiffs in error. *Calhoun & Calhoun,* contra.

ALMAND, Justice. This is a suit for specific performance of a contract in writing against the heirs at law of Mrs. Lillian S. Rivers. James B. Miller alleged in his petition as amended that by warranty deed, dated April 14, 1953, he conveyed a tract of land to Lillian S. Rivers; that said deed was reformed in the case of Miller v. Shaw, No. A-48676, Fulton Superior Court, which case was affirmed by the Supreme Court (*Shaw v. Miller,* 213 *Ga.* 511, 100 S. E. 2d 179), to state the true consideration for the conveyance, to wit: "The promise of Lillian M. Rivers, the grantee, to will and devise the property described in the deed to James B. Miller, the grantor," a copy of said deed as reformed being attached to the petition; and that Mrs. Rivers died intestate, thereby failing to perform her agreement to will the described property to him. Without demurring to the petition, the defendants filed their answer, which denied the plaintiff's right to the relief sought.

Error is assigned on the final judgment and decree of the trial court, entered May 29, 1959, which sustained the plaintiff's demurrers to the answer as amended and rewritten, and granted the specific performance of the contract; and on the antecedent order of October 27, 1958, which sustained in part and overruled in part the plaintiff's demurrers to the answer, and ordered the defendants to rewrite their answer; and on the order of December 15, 1958, requiring said rewritten answer to be submitted within 15 days from that date.

■ (a) The ruling of the trial court in the order of October 27, 1958, that the defendants were not entitled to retry the issues which had been resolved against them in the suit for reformation of the deed from the plaintiff to their intestate, to which suit the defendants were parties defendant, in this suit for specific performance of the contract embodied in the reformed deed, is correct; and the court did not err in sustaining the demurrers to those portions of the answer which alleged facts and circumstances inconsistent with and repugnant to the reformed deed. The sole purpose of the suit for reformation was to determine the true agreement of the parties. *Wyche v. Greene,* 16 *Ga.* 49 (4). Having made that determination, the deed as reformed related back and took effect from the time it was originally executed. *Wyche v. Greene,* 11 *Ga.* 159 (7). Accordingly, the defendants herein having been parties defendant in that suit for reformation, the judgment granting reformation is conclusive between the parties as to all matters which were in issue, or which under the rules of law might have been put in issue in that suit. Code §§ 110-501, 38-623; *Smith v. Robinson,* 214 *Ga.* 835 (1) (108 S. E. 2d 317). "Questions settled by a former final judgment must be considered an end of the litigation; they can not be litigated in other actions, directly or indirectly. *Lankford v. Holton,* 196 *Ga.* 631 (27 S. E. 2d 310)." *Smith v. Robinson,* supra (2).

(b) As will be shown in division 2 of this opinion, the trial court did not err in the order of October 27, 1958, in sustaining the demurrers to those portions of the defendants' answer which alleged events occurring subsequently to the making of the contract and conveyance of the property to the defendants' intestate.

(c) The trial judge, having properly sustained the demurrers to the defendants' answer as amended, did not err in his order of October 27, 1958, as supplemented by the order of December 15, 1958, in requiring the defendants to rewrite their answer. "If the legal rights of the parties are not prejudiced or denied, this court will not interfere with the discretion of the trial court in matters of practice in the hearing and disposition of causes before it unless this discretion has been exercised in an illegal,

unjust or arbitrary manner." *International Assn. of Machinists* v. *Street,* 215 *Ga.* 27 (3) (108 S. E. 2d 796).

■ It is further contended by the defendants that the court erred in sustaining the plaintiff's demurrers to those portions of their answer, amended answer, rewritten answer, and amended rewritten answer which attempted to set up the defenses of unfairness of the contract and inadequacy of consideration in denial of the plaintiff's right to the relief sought. In substance three attacks were made on the fairness of the contract and adequacy of consideration: (1) that subsequently to the conveyance of the property to their intestate, she erected a brick residence of the value of $7,500 on the property; (2) that, at the time the plaintiff conveyed the property to their intestate, he knew that she was going to erect said residence on the property; and (3) that the use of the land with a rental value of $40 per year for the life expectancy of their intestate of 10.75 years was not sufficient consideration to support specific performance and a decree of title in the plaintiff to the property as improved. The plaintiff demurred to these attacks in the answer on the ground that the fairness of a contract and the adequacy of consideration is to be determined as of its date, and the happening of subsequent events within the contemplation of the parties does not afford a defense.

In *Whitehead* v. *Dillard,* 178 *Ga.* 714, 717 (174 S. E. 244), a case involving the specific performance of an oral agreement to convey lands in consideration of personal services, the exact principle of law relied on by the plaintiff was thus enunciated: "The fairness of a contract is usually to be determined as of its date, and the happening of subsequent events within the reasonable contemplation of the parties does not afford a defense. Cf. Howe *v.* Watson, 179 Mass. 30 (60 N. E. 415)." Pomeroy's Specific Performance of Contracts (3rd Ed.) 507, § 195, provides: "If, therefore, there was no inadequacy either in the price or in the subject-matter at the formation of the contract, none can arise from subsequent events or change of circumstances." See also Fry on Specific Performance (6th Ed.) 185, 214, §§ 389, 448.

This principle of law as previously followed by this court and

supported by competent authority is sound in reason and especially applicable to the facts of the present case. The agreement which is the basis of this action was simply that the plaintiff convey the land in question to the defendants' intestate, in return for her promise to will it back to him. As very aptly pointed out by the trial judge in his final judgment and. decree: "Whatever may have been her intentions as to improving the land, it is not alleged that she made any promise or agreement to do so, nor any promise or agreement to do anything other than will the land back to the plaintiff. It was entirely up to her as to whether she improved the property or not. The petitioner could not have complained of any failure to improve the land nor required any improvements on the land. The contract has to be judged by its terms." Clearly, the fact that the defendants' intestate did erect a valuable improvement on the land, and that such event was in the reasonable contemplation of the parties, is no issuable defense to the grant of the relief sought. Nor under these. circumstances can there be any question of inadequacy of consideration.

The court did not err in sustaining the aforementioned demurrers to the defendants' answer.

■ Art. 6, Sec. 4, Par. 7 of the Constitution of 1945 (Code, Ann., § 2-3907) provides: "The Court shall render judgment without the verdict of a jury in all civil cases, except actions ex delicto, where no issuable defense is filed except as otherwise provided in this Constitution, and subject to the right of trial by a jury on written demand of either party." There is no merit in the contention of the defendants that, in a suit for specific performance, it is within the peculiar province of the jury, and not the judge, to apply the principles of equity to the facts, even if undisputed, and make the decree thereon. See *Williams* v. *McIntyre*, 8 *Ga.* 34 (2), 41; *Cook* v. *Commissioners of Houston County*, 62 *Ga.* 223, 230; *Frank* v. *Atlanta Street Railroad*, 72 *Ga.* 338 (2, 4); *Elder* v. *Stark*, 200 *Ga.* 452, 469 (37 S. E. 2d 598); *Whitehead* v. *Dillard*, 178 *Ga.* 714, supra; *Franklin* v. *McCormick*, 180 *Ga.* 170 (178 S. E. 441); Code § 37-1101.

Accordingly, no error having been committed in the sustaining

of the demurrers to the defendants' answer, for the reason that it did not set up any issuable defense to the grant of the relief sought, and the essential allegations of the petition—execution of the contract, full performance by the plaintiff, and nonperformance by the defendants' intestate—having been admitted by the defendants, and consequently there being no issue of fact for submission to a jury, the court did not err in granting specific performance of the contract to make a will and in decreeing title to the disputed property in the plaintiff.

"Equity considers that done which ought to be done, and directs its relief accordingly." Code § 37-106.

*Judgment affirmed. All the Justices concur.*