## 21683. COWSERT v. STRICKLAND.

QUILLIAN, Justice. The petition sought to enjoin dispossessory-warrant proceedings instituted by the defendant, T. C. Cowsert, Jr., to remove the plaintiff's husband from a certain described tract of land. The plaintiff alleged in the petition that she acquired the lands by a voluntary deed from her husband on May 29, 1961. The defendant Cowsert filed an answer in which he claimed the lot of land under a deed from State Mutual Insurance Company (hereinafter referred to as State Mutual). He alleged that, prior to the execution of the deed under which the plaintiff claimed title, her husband and others made a deed to secure a debt to State Mutual and included in the property conveyed by the security deed was the lot claimed by the plaintiff, and that, after the property described in the security deed was advertised under a power of sale contained in that instrument, the voluntary deed was made to the plaintiff by her husband. The answer further alleged the defendant Cowsert purchased the land at the auction sale conducted under the power contained in the security deed; that he paid the purchase price of the same and that the entire tract described in the security deed, which included the lot claimed by the plaintiff, was by State Mutual conveyed to him by warranty deed; that in these circumstances he became the owner of the lot of land in controversy. The answer described the lands conveyed in the security deed made by the plaintiff's husband and others to State Mutual and in turn deeded by the insurance company to the defendant Cowsert. The bill of exceptions assigns as error: (1) the order of the trial judge striking the defendant's answer; (2) the order of the judge disallowing an amendment to the answer; (3) the order of the judge dismissing the case on motion of the plaintiff.

1. While, as before mentioned, the answer asserted that the lot claimed by the plaintiff was included in the tract described in the security deed, the description of the property contained in that instrument described the lot as a boundary of the property therein conveyed and did not purport to include the lot in the lands therein described. It is obvious that, in the circumstances related, the answer set up no defense, in that it failed to show title to the lot in dispute was in the defendant Cowsert, and hence was properly stricken.

2. The defendant Cowsert offered an amendment in which he alleged that the intention of the makers of the security deed to State Mutual, including the plaintiff's husband, was to convey the lot claimed by the plaintiff in the security deed and of State Mutual to include the lot in the deed made to him. The amendment set out various evidentiary facts in support of these contentions, and also related circumstances under which the plaintiff was estopped to deny that there was a mistake in drawing the security deed to State Mutual and the deed from State Mutual to the defendant. The amendment was fatally defective in that it failed to name as parties defendant to the action the grantors or the grantee of the security deed, or the grantor of the deed to the defendant. These were indispensable parties. *Volunteer St. Life Ins. Co. v. Powell-White Co.*, 196 Ga. 372 (1) (26 SE2d 815) ; *Smith v. Robinson*, 214 Ga. 835 (2) (108 SE2d 317). Without them the amendment set up no defense, and was properly stricken.

3. There being no defensive pleadings before the trial court, there was no error in allowing the plaintiff to dismiss her case.

4. The trial judge, in the order permitting the plaintiff to dismiss the case, observed that the issues of the controversy would be better determined in a case of a different nature. The statement, whether correct or incorrect, did not prejudice the right of the defendant, in the event a cause of the nature suggested in the order is later before the trial court, to interpose a valid objection or defense to such an action as he may have.

*Judgment affirmed. All the Justices concur.*

Argued June 11, 1962—Decided July 9, 1962.

*W. A. Wraggs*, for plaintiff in error.
*Wm. A. Zorn*, contra.

