## 42079. PFEFFER v. ARRENDALE.

Frankum, Judge. The controlling issue presented by the appeal in this case is whether, under the circumstances involved, the trial judge erred in adjudicating the case to be in default, erred in striking the defendant's defensive pleadings, and erred in confining the jury's consideration of the case solely to a determination of the issue respecting damages. It appears from the record that the appearance day was December 26, 1963. On December 17, 1963, defendant secured an order extending the time for the filing of defensive pleadings until January 16, 1964. Thereafter three additional orders extending the time for filing defensive pleadings to a date specified in each respective order were entered, each order having been signed by a judge of the Fulton Superior Court, the last such order being dated February 17, 1964, and extending the time "until February 27, 1964," on which latter date defendant filed demurrers and an answer to the plaintiff's petition. On March 16, 1964, plaintiff filed a written motion to strike defendant's defensive pleadings on the ground that under the terms of the last order defendant was allowed "until February 27, 1964," but not *through*

February 27, 1964, to file defensive pleadings, and that this order permitted the defendant to file his defensive pleadings through February 26, 1964, only, and that defensive pleadings filed on February 27, 1964, were, therefore, filed too late. This motion was amended on March 24, 1964, so as to add a mere general contention that the record showed on its face that the defensive pleadings had not been timely filed. This motion was overruled on March 24, 1964. Each of the orders procuring an extension of time for filing defensive pleadings bore an endorsement appearing beneath the judge's signature and to the left of the page in the following form: "Consented to: Peek & Blackburn, Attorneys for Plaintiff, By [s] J. Corbett Peek, Jr."

In the record transmitted to this court, the orders extending the time for filing defensive pleadings, as well as other parts of the record, appear to have been duplicated by the clerk by a photographic or photostatic process which apparently reproduced for transmittal to this court the record exactly as it was in the trial court. As thus transmitted, the second of such orders appears to have been prepared with the date of the order typed in as follows: "This 15th day of January, 1964," and written in pen and ink above the figure "15" is the figure "19." The figure "15" does not appear, however, to have been stricken. This order was filed on January 20, 1964. (January 19, 1964, fell on a Sunday, but whether the order was in fact signed on a Sunday is immaterial in the view which we take of the case.) The last day for filing defensive pleadings allowed under the first order would have been January 16, 1964, and plaintiff contends that if the second order was not signed by the judge until the 19th, and not filed until the 20th, it was too late, and that under the provisions of *Code Ann.* § 110-401, as re-enacted by the 1953 Act (Ga. L. 1953, Nov. Sess., pp. 440, 451), the case became automatically in default on January 17, and that the subsequent orders extending the time for filing defensive pleadings, though entered with the consent of counsel for the plaintiff, were not effectual for that purpose. *Held:*

" 'Waiver is a voluntary relinquishment of some known right, benefit or advantage, which, except for such waiver, the party otherwise would have enjoyed.' " *Kennedy v. Manry*, 6 Ga. App. 816, 819 (66 SE 29), and citations. *City of Albany v. Mitchell*, 81 Ga. App. 408, 412 (59 SE2d 37). The

time prescribed by the law within which defensive pleadings must be filed and the provision contained in *Code Ann.* § 110-401, respecting automatic defaults in cases where defensive pleadings are not timely filed, are provisions of the law for the benefit of the plaintiff and the court. A party may waive that which the law provides for his benefit unless to permit him to do so would injure others or be contrary to public policy. *Code* § 102-106.

At the time plaintiff filed his original motion to strike the defensive pleadings on March 16, 1964, the order dated January 15, 1964, upon which the pen and ink entry of the figure "19" above the figure "15" appeared, was of file and of record in the case, and counsel for plaintiff was thus on notice of what the record showed, and under the foregoing principles, will be deemed to have waived any ground he may have had for striking the defensive pleadings which he failed to assert and did not urge and insist upon at the time he filed that motion to strike. If he wished to assert the contention that the extension of time for filing defensive pleadings in question came too late, he should have made that contention at that time. The order overruling that motion constituted a solemn adjudication of the court and became the law of the case that at that time no cause for striking defendant's defensive pleadings existed, and no motion to vacate or set aside the same having been filed, the court could not, more than 6 terms of court thereafter, adjudicate the case to be in default on account of grounds which existed at the time that order was entered, in the absence of a motion showing legal grounds for setting aside the previous judgment. *Rewis v. Bennett,* 213 Ga. 535 (100 SE2d 196); *Eison v. Coker,* 45 Ga. App. 122 (163 SE 511); *Gulf Life Ins. Co. v. Gaines,* 50 Ga. App. 504 (179 SE 199); *Harris v. McDaniel,* 92 Ga. App. 299, 301 (3) (88 SE2d 442); *Keel v. Anderson,* 104 Ga. App. 296, 299 (2) (121 SE2d 505).

Furthermore, the record before this court shows that the order which it is contended by counsel for plaintiff was entered too late was "consented to" by counsel for plaintiff, and this consent being itself undated and appearing as it does below the signature of the judge who signed the order will be presumed to have been entered thereon subsequent to the signing of the same by the judge, and there being nothing in the record to show affirmatively that at the time counsel for the

plaintiff "consented" thereto that it was not in its present form, he will, by the entry of his consent thereon be held to have waived any objections he may have had as to formal requisites.

All of the errors enumerated before this court relate to orders of the court growing out of and resulting from the erroneous ruling to the effect that defendant was in default. Since the court erred in adjudicating the case to be in default, it erred also in refusing to allow the defendant to introduce evidence at the trial in support of his defense and in ignoring the previously entered pretrial order which fixed the issues upon which the case should be tried. Other subsequent proceedings were rendered nugatory by these erroneous rulings.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

ARGUED JUNE 7, 1966—DECIDED SEPTEMBER 8, 1966—
REHEARING DENIED NOVEMBER 29, 1966.

*Woodruff, Savell, Lane & Williams, A. Ed Lane, Edward L. Savell,* for appellant.

*Glenville Haldi, J. Corbett Peek,* for appellee.