## 44456. R. W. PAGE CORPORATION. v. KILGORE.
(356 SE2d 870)

WELTNER, Justice.

A mother and her two children were found brutally murdered in Columbus, Georgia. The coroner of Muscogee County impanelled jurors and made inquest into the deaths. The inquest was open to the public, and the testimony of all witnesses was recorded and transcribed at public expense. The verdict returned by the coroner's jury was: "Ann J., Erika and Ryan Curry were murdered with a bush ax, however, with the evidence presented in this case, we are unable to determine the principals or accessories to the murders."

R. W. Page Corporation, a publisher of newspapers, requested a copy of the transcript, offering to pay the reasonable cost of copying. The coroner refused the request, and the publisher brought an action seeking to compel the release of the transcript. The trial court declined to order the transcript's release, and the publisher appealed.

1. Without deciding the publisher's contention that the transcript is a public record, and pursuant to OCGA § 50-18-70 is open to inspection by the general public, we hold that it is a public record, under the facts of *this* case, and independent of the code section. When a coroner, who is a public official, makes an inquest and opens it to the public, and the testimony given at the public inquest is recorded and transcribed at public expense, the coroner has waived any right which he might claim to have to contend that the transcript is not a public record. "Waiver is a voluntary relinquishment of some known right, benefit or advantage, which, except for such waiver, the party otherwise would have enjoyed." *Pfeffer v. Arrendale,* 114 Ga. App. 684 (152 SE2d 651) (1966). Having waived any right which he might claim to have to withhold the transcript, he must make the transcript available to the public for inspection and copying. We express no opinion as to a coroner's right to withhold a transcript of a closed inquest.

2. Our ruling does *not* encompass photographs of the victims, or other documentary evidence. No one has been arrested or indicted for the murders. Were the photographs of the victims published before a trial of an accused, such might raise questions concerning inflammatory pre-trial publicity. That prospect is best resolved by withholding that documentary evidence from publication.

*Judgment reversed. All the Justices concur, except Gregory, J., who concurs in the judgment only.*

DECIDED JUNE 19, 1987.

*Young, Layfield & Rothschild, Martelle Layfield, Jr.,* for appellant.

*Eugene H. Polleys, Jr.,* for appellee.