S89A0085. KILGORE v. R. W. PAGE CORPORATION.

(385 SE2d 406)

WELTNER, Justice.

A newspaper publisher filed suit against a coroner to prohibit him from closing to the public a scheduled inquest. The superior court directed that any such inquest be open to the public. The coroner appealed, insisting that an open inquest might compromise an ongoing criminal investigation.

In granting relief, the trial court relied upon the standards set out in *R. W. Page Corp. v. Lumpkin,* 249 Ga. 576 (292 SE2d 815) (1982). The coroner insists, however, that he is permitted to convene a closed inquest by virtue of certain language[1] contained in *R. W. Page Corp. v. Kilgore,* 257 Ga. 179 (356 SE2d 870) (1987).

1. *Lumpkin,* supra, arose out of a felony prosecution. There we held:

> [A] Georgia trial court judge shall *use* jury sequestration (or some other means) to exclude prejudicial matters from the jury's knowledge and consideration unless for some reason fully articulated in his findings of fact and conclusions of law jury sequestration (or another remedy) would not adequately protect the defendant's right to a fair trial. [249 Ga. at p. 580.]

---

[1] Specifically, "[w]e express no opinion as to a coroner's right to withhold a transcript of a closed inquest." 257 Ga. at 179.

At a coroner's inquest, there is no defendant. Nor is there a "trial," in the sense of an adversarial proceeding that is empowered to fix rights and duties, or to determine guilt and innocence. Hence, a coroner's inquest is not a "Georgia trial court," as contemplated by the rule in *Lumpkin*, supra.[2]

2. The relief sought by the newspaper must be governed by the Open Meetings Law, OCGA § 50-14-1 et seq., as that statute has been interpreted since its enactment. Additionally, the Open Records Law, OCGA § 50-18-70 et seq., would apply to the office of coroner. Because the trial court has not had the opportunity to consider this case in the light of those statutes and of our interpretations of them,[3] the case must be remanded for further proceedings.

*Case remanded. All the Justices concur.*

DECIDED NOVEMBER 9, 1989.

*E. H. Polleys, Jr.*, for appellant.
*Jerome M. Rothschild*, for appellee.

---

[2] See Art. VI, Sec. I, Par. I of the Constitution of Georgia of 1983, specifying the classes of courts; and OCGA §§ 45-16-35 through 45-16-41, and, more specifically, OCGA §§ 45-16-35 and 45-16-36, relating to inquests.

[3] See the discussion of on-going criminal investigations and the Open Records Act by Chief Justice Marshall in *Napper v. Ga. Television Co.*, 257 Ga. 156, 162-165 (356 SE2d 640) (1987).