9801.    SUPREME COUNCIL OF THE ROYAL ARCANUM *v.* QUARLES.

BROYLES, P. J.    1. The court did not err in repelling as evidence the fol-
lowing part of the verdict of the coroner's inquest held upon the death
of the insured: "Said wounds was caused by bullets fired from gun
in hands of Benjamin T. Drumright in self-defense." The verdict of a
coroner's jury has no probative value whatever as evidence, is binding
upon no one, and can not prejudice the right of any person. It is
merely advisory to the officers charged with the execution of the public
law in cases of homicide, and in addition may require the coroner to
issue a warrant for the arrest of the person suspected of the homicide.
*Smalls* v. *State,* 101 *Ga.* 570 (28 S. E. 981, 40 L. R. A. 369).

(*a*) Such a verdict may be received in evidence as a part of the proof
of the death of the insured, but it is not even prima facie competent as
tending to prove the *cause* of death, no matter by which party it is
offered. 13 Corpus Juris, 1256; City Five Cent Savings Bank *v.*
Pennsylvania Fire Insurance Co., 122 Mass. 165.

2. The court properly excluded from the evidence so much of the certificate
of the death of the insured, issued by the Missouri State Board of
Health, as recited that the killing of the insured was justifiable homi-
cide. This was clearly hearsay evidence and was inadmissible on the
same principle that applies to the verdict of a coroner's jury.

3. The court did not err in rejecting as evidence statements of the police-
man who killed the insured, made a short time after the killing, to
another police officer over the telephone, and also at the place of the
homicide. Under the facts of the case these statements were not part
of the res gestæ and were not legal evidence.

4. If the court erred in excluding any or all of the other evidence, as set
forth and complained of in the bill of exceptions, the error was not
harmful to the plaintiff in error. If all of this evidence had been
admitted, the verdict rendered would still have been demanded.

5. The court did not err in directing a verdict for the plaintiff for the full
amount sued for in the petition as amended. Under the facts of the
case it was incumbent upon the defendant to sustain its affirmative plea
by showing that the insured, at the time of his death, was engaged in
the violation of some law of the State of Missouri which was punishable

by death or imprisonment in the penitentiary; and this burden it failed to carry. The evidence, with the legal inferences arising therefrom, showed, among others, the following facts: The insured was shot and killed in a house of ill-fame in St. Louis, Missouri, by a policeman named Drumright. The only other eye-witnesses of the homicide were two women inmates of the house. None of these persons testified in the instant case. The policeman who did the killing had taken off his uniform in the house and at the time of the homicide had on a bath-robe. He did not reside there, and was evidently a social visitor in the house. The evidence introduced, including the physical facts, together with all legal inferences arising therefrom, did not authorize a finding that *at the time of the homicide* the insured was violating any law of the State of Missouri, the violation of which was punishable by death or imprisonment in the penitentiary. Accordingly the court, upon motion of the plaintiff, properly directed the verdict rendered.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., not presiding.*
DECIDED NOVEMBER 23, 1918.

Action upon insurance policy; from city court of Floyd county— Judge Nunnally. March 23, 1918.

*Brewster, Howell & Heyman, Mark Bolding,* for plaintiff in error.

*Denny & Wright,* contra.