S91A0500. KILGORE v. R. W. PAGE CORPORATION.
(405 SE2d 655)

BELL, Justice.

In *Kilgore v. R. W. Page Corp.,* 259 Ga. 556 (385 SE2d 406) (1989), we remanded this case to the trial court for it to determine whether an inquest by Kilgore, the Coroner of Muscogee County, must be open to the public under either our Open Meetings Act,

OCGA §§ 50-14-1 to 50-14-6, or our Open Records Act, OCGA §§ 50-18-70 to 50-18-75. On remand the appellee newspaper publisher also sought access under the First Amendment to the U. S. Constitution.

The trial court held that the Open Meetings Act and the First Amendment required that the inquest be open. Kilgore now appeals. We conclude the inquest must be open under the Open Meetings Act, and thus do not reach the First Amendment issue. Regarding the Open Meetings Act, the issues are whether a coroner's inquest is a "meeting" within the meaning of § 50-14-1 (a) (2), and whether the inquest may be closed either because it involves a pending criminal investigation or because the inquest falls within an exception enumerated in § 50-14-3.

1. Contrary to Kilgore's argument, we conclude that a coroner's inquest constitutes a "meeting" within the meaning of § 50-14-1 (a) (2).

2. We now turn to Kilgore's argument that the inquest should be closed on the ground it concerns, he alleges, a pending criminal prosecution. We disagree. We begin with the proposition that the Open Meetings Act does not by its terms exempt from its coverage meetings concerning a pending criminal investigation. See § 50-14-3, which sets forth the exclusions to the Open Meetings Act. Moreover, there is no provision in the Open Meetings Act granting this Court the authority to fashion a public-interest test for determining whether meetings required to be open by the Act should nevertheless be closed. Cf. *Georgia Hosp. Assn. v. Ledbetter*, 260 Ga. 477, 479 (5) (396 SE2d 488) (1990) concerning the public-interest exception in the context of open-records cases. We therefore conclude that there is no exception to the Open Meetings Act for pending criminal investigations.

3. We will now examine whether an inquest falls within any of the exceptions set forth in § 50-14-3. The only exception that merits discussion is § 50-14-3 (3), which exempts meetings of "the Georgia Bureau of Investigation or any other law enforcement agency in the state, including grand jury meetings."

In determining whether a coroner constitutes a "law enforcement agency" within the meaning of § 50-14-3 (3), we must bear in mind that the Open Meetings Act must be broadly construed to effect its purposes of protecting the public and individuals from closed-door meetings. *Atlanta Journal v. Hill*, 257 Ga. 398, 399 (359 SE2d 913) (1987). To effect the purposes of the Open Meetings Act, exceptions thereto must be construed narrowly. We conclude that a coroner does not constitute a "law enforcement agency" within the meaning of the Act.

First, although a coroner's inquest may uncover facts that lead to the prosecution of a person for homicide, OCGA § 45-16-35, a coroner has no law enforcement authority such as that given to the Georgia

Bureau of Investigation, see OCGA §§ 35-3-4 (b) and 35-3-8, and the Georgia State Patrol, see OCGA §§ 35-2-32 and 35-2-33. In this regard, the verdict of a coroner's inquest is merely advisory to officers charged with the execution of public laws. *Supreme Council of the Royal Arcanum v. Quarles*, 23 Ga. App. 104 (97 SE 557) (1918); *Smalls v. State*, 101 Ga. 570 (28 SE 981) (1897). Moreover, the verdict of a coroner's inquest does not amount to a formal charging or indictment as does a grand jury's true bill. *Supreme Council*, supra; *Smalls*, supra. For the foregoing reasons, we conclude a coroner should not be considered a "law enforcement agency" for purposes of the Open Meetings Act.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 3, 1991.

*Eugene H. Polleys, Jr., Clifton C. Fay,* for appellant.
*Jerome M. Rothschild,* for appellee.