### A94A0292. JERSAWITZ v. FORTSON et al.

(446 SE2d 206)

BLACKBURN, Judge.

The appellant, Jack Jersawitz, a private citizen, pro se, brought the instant action for damages and injunctive relief against the appellees, Jane Fortson, chairwoman of the Board of Commissioners of the

Atlanta Housing Authority, and the Atlanta Housing Authority (collectively referred to herein as AHA), asserting that he was improperly denied access to a meeting of the Olympic Task Force Selection Committee in violation of OCGA § 50-14-1, Georgia's Open Meetings Act. Following the filing of its responsive pleadings, AHA moved for summary judgment, and the motion was initially denied by the trial court.

Thereafter, based in part on the trial court's denial of AHA's motion for summary judgment, Jersawitz moved for summary judgment in his favor. However, pursuant to AHA's request for reconsideration, the trial court granted summary judgment in favor of AHA, and this appeal followed.[1]

The record shows that the Olympic Task Force Selection Committee, also referred to as the "Techwood Redevelopment Advisory Committee" and the Proposal Interview Committee, held a meeting on July 11, 1991, at the offices of AHA. It is undisputed that AHA is an agency as defined by OCGA § 50-14-1. The committee consisted of Co-Chairpersons Jane Fortson, Chair of AHA's Board of Commissioners, and Leon Eplan, Commissioner of the Bureau of Planning of the City of Atlanta, Margie Smith, a member of AHA's Board of Commissioners and president of the Techwood/Clark Howell Tenants Association, Delmar Corbin, Executive Director of AHA, and Robert Sewell, AHA's Director of Engineering and Capital Improvements. In addition to the committee members, which included two of the seven commissioners of AHA and two AHA executives, several other individuals affiliated with AHA were present at the meeting, including AHA's General Counsel, AHA's Special Counsel, AHA's Communications Manager, AHA's purchasing agent, and AHA's buyer. Others in attendance at the meeting included a representative of the Techwood Tenants Association, a graduate student of the Georgia Institute of Technology, the assistant to the president of the Georgia Institute of Technology, and two production staff persons with the City of Atlanta's Office of Communications. Of the approximately fifteen individuals present at the meeting, eight were directly associated with AHA, while three of the remaining seven were employed by the City of Atlanta.

The purpose of the July 11, 1991, meeting was to hear oral presentations and review written proposals submitted by various bidders to AHA for the revitalization of the Techwood/Clark Howell housing development in preparation for the 1996 Olympic Games. AHA maintains that this project would enhance the quality of life of residents within that neighborhood. It is undisputed that AHA solic-

---

[1] In its order granting summary judgment in favor of AHA, the trial court denied Jersawitz's motions for summary judgment to add Fortson individually as a party defendant.

ited the requests for the proposals, but Fortson avers in her affidavit that the requests for bids were solicited "through the initiative and activity of [AHA's] staff." In her affidavit, she further avers that at the meeting, only those bidders who timely responded to the Authority with proposals would be interviewed by the committee about their respective proposals. In addition, Fortson attested that "[i]t was the responsibility of this committee to determine the most responsive and responsible proposal and to make a recommendation to the Board of Commissioners of the Atlanta Housing Authority." She further averred that the committee was not "created" by the Board of Commissioners and was not made up exclusively of members of the Board of Commissioners. Two of the seven commissioners of the Board of AHA were actively involved in and participated on the committee.

1. On appeal, Jersawitz asserts that the trial court erred in granting AHA's motion for summary judgment and in denying his motion for summary judgment. We agree and reverse.

Under Georgia's Open Meetings Act, OCGA § 50-14-1, all "meetings" of an agency or authority of a municipality shall be open to the public. Meetings are defined under the Act as "the gathering of a quorum of the members of the governing body of an agency *or of any committee* of its members created by such governing body . . . at a designated time and place at which official business or policy of the agency is to be discussed or at which official action is to be taken or, in the case of a committee, recommendations on official business or policy to the governing body are to be formulated or discussed." OCGA § 50-14-1 (a) (2); see *Red & Black Pub. Co. v. Bd. of Regents*, 262 Ga. 848, 852 (3) (427 SE2d 257) (1993). However, before we begin our analysis under this Act, "[w]e must bear in mind that the Open Meetings Act must be broadly construed to effect its purposes of protecting the public and individuals from closed-door meetings. [Cit.]" *Kilgore v. R. W. Page Corp.*, 261 Ga. 410, 411 (2) (405 SE2d 655) (1991). "[T]he policy of this state is that the public's business must be open, not only to protect against potential abuse, but also to maintain the public's confidence in its officials. [Cit.]" *Red & Black Pub. Co.*, supra at 854. "[T]he test for its applicability is two-pronged: first, is the meeting one of a 'governing body of an agency' or any committee thereof?; and second, is the meeting one 'at which official business or policy of the agency is to be discussed or at which official action is to be taken(?)' " Id. at 853.

The Olympic Task Force Selection Committee consists of members of the governing body of AHA and other AHA executives, and was attended by a substantial number of AHA and the City of Atlanta's representatives. Contrary to AHA and Fortson's contentions, the statute should not be so narrowly construed to require that a committee consist only of members of AHA's seven-member Board in

order to come within the purview of the Act.

In addition, we cannot say as a matter of law, as AHA asserts, that this committee was solely advisory in nature inasmuch as this committee consisted of several AHA decision-makers and discussed official agency business. The importance of this committee to the agency is reflected in the participation of two commissioners, including the chairwoman of the commissioners, as well as agency executives, in addition to other key individuals in the decision-making process of this project.

This committee acted as a vehicle for AHA to carry out its responsibility to review the proposals submitted to the agency, and because of the responsibility assumed by this committee with the knowledge and full acquiescence of the agency, the agency cannot hide behind the committee and assert that its governing body did not create it. There is no evidence that the formation of this committee by AHA's staff was denounced at any time by the agency. In fact, the committee's approval and authority is evidenced by Fortson's participation on it.

Accordingly, we conclude that the Olympic Task Force Selection Committee was formed with the knowledge and approval of AHA, the committee was a vehicle for the agency to carry out its responsibilities in reviewing and recommending proposals, and that the July 11, 1991, gathering was a meeting within the purview of the Open Meetings Act.[2] Id.

The agency did not substantially comply with the statute by providing Jersawitz with a videotape of the meeting after the agency accepted the recommendation of the committee. On the contrary, viewing an edited videotape of the meeting after the fact is not the equivalent of being present and having an opportunity to provide input to decision-makers on a project such as this which will not only have an impact on a significant number of residents but was designed to improve the quality of life for those residents. The statute requires that members of the general public cannot be excluded from such meetings and a videotape is not an adequate substitute for compliance with the statutory requirements. Moreover, even assuming that the committee meeting was not subject to the Act, the agency waived its right to conduct a private meeting by permitting the presence of other members of the general public not affiliated with either the committee or the agency.

For the foregoing reasons, we conclude that the trial court erred in granting summary judgment in favor of Fortson and AHA and in

---

[2] *Atlanta Journal v. Hill*, 257 Ga. 398 (359 SE2d 913) (1987), and *McLarty v. Bd. of Regents &c. of Ga.*, 231 Ga. 22 (200 SE2d 117) (1973), do not control our decision as they were decided under a former version of this Act. (Ga. L. 1988, p. 235, § 1.)

denying summary judgment to Jersawitz.

2. Based upon our decision in Division 1, Jersawitz's remaining enumerations of error need not be addressed.

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 13, 1994 —
RECONSIDERATION DENIED JULY 12, 1994 — 

Jack Jersawitz, *pro se.*

*Rogers & Hardin, Richard H. Sinkfield, Catherine M. Bennett,* for appellees.