A96A0026. BECK et al. v. CRISP COUNTY ZONING BOARD OF APPEALS et al.
(472 SE2d 558)

BLACKBURN, Judge.

We granted appellants' application for discretionary appeal to review whether the Crisp County Zoning Board of Appeals (the Zoning Board) violated Georgia's Open Meetings Act, OCGA § 50-14-1 et seq., when it granted Harold McCay's petition for a conditional use permit for an airstrip on his 1,200-acre tract of land. Appellants are those landowners who opposed the conditional use permit granted to McCay. The issue before us is whether the Open Meetings Act is violated when the public hearing portion of a meeting is expressly "adjourned" prior to the Zoning Board's decision and vote on the matters before the Zoning Board and the published agenda specified which portions of the meeting were to be "public."

On April 18, 1995, the Zoning Board held a duly publicized meeting at which the public hearing on McCay's variance petition was part of the agenda. The agenda for the meeting was printed on letterhead depicting Crisp County Building Code — Zoning — Planning and contained the following information:

## AGENDA

## CRISP COUNTY ZONING BOARD OF APPEALS

### April 18, 1995

### 1:30 P.M.

1. ## HEARING

Request from Frankie Johnson for a conditional use permit to locate a retail operation in an RR (Rural Residential) zone district. Please see the Notice of Public Hearing for a full description of the property.

1a. Adjourn Public Hearing.

2. ## HEARING

Request from Harold McCay for a conditional use permit to locate an airport in an RR (Rural Residential) zone district. Property located on McKinney Road. Please see the Notice of Public Hearing for a full description of the property.

2a. Adjourn Public Hearing.

3. ## DECISION & VOTE - Frankie Johnson

4. ## DECISION & VOTE - Harold McCay

5. Minutes - March 21, 1995.

6. Old Business.

7. New Business.

8. Adjourn Meeting.

The published agenda specifically limited the public portion of the meeting to the two hearings. The entire meeting was "public" and any agenda which the Zoning Board chose to publish should not have limited the "public" portion to only a part of the meeting. To use the word "public" hearing, for what is really the "evidentiary" hearing portion of the public meeting, when coupled with the other conduct hereinafter described, is clearly a violation of the Open Meetings Act which we are required to liberally construe.

After the hearing on Johnson's petition, the Zoning Board chairman stated: "This closes the public hearing portion on Mr. Johnson's

request. We will be voting on it a little later and Mr. McKnight will be in touch with you." Much of the audience vacated the room and the Zoning Board then proceeded with the second public hearing, that being on McCay's petition, at which several landowners were "emotionally charged." After the public hearing on McCay's petition, the Zoning Board chairman stated: "At this time we adjourn the public hearing of this matter, and the decision of the board will be available from Mr. McKnight this afternoon." The members of the audience left the meeting, the chairman closed the doors and then the Zoning Board completed its meeting, including discussion and voting on both the Johnson and McCay petitions. The McCay petition was granted with restrictions.

Appellants contend that the Zoning Board's continuation of the meeting without members of the public present violated the Open Meetings Act. The Zoning Board responds that it did not close the meeting to the public but only closed the public hearing portion of the meeting, and that it is not unusual for the public to leave at that stage in the meeting in order to get back to work or home.

The Open Meetings Act "was enacted in the public interest to protect the public — both individuals and the public generally — from 'closed door' politics and the potential abuse of individuals and the misuse of power such policies entail. Therefore, the Act must be broadly construed to effect its remedial and protective purposes." *Atlanta Journal v. Hill*, 257 Ga. 398, 399 (359 SE2d 913) (1987).

OCGA § 50-14-1 (c) pertinently provides that "[t]he public at all times shall be afforded access to meetings declared open to the public pursuant to subsection (b) of this Code section." Although the Act itself does not create a specific duty on the part of the subject agencies to inform the public of their right to remain at meetings, broadly construing the Act, we find that where the agencies do specifically undertake to "advise" the public, they must do so in an even-handed, balanced manner which does not mislead the public, whatever their avowed intentions. In the present case, not only did the Zoning Board chairman unnecessarily announce that the public hearing was adjourned, he was pointedly vague as to the timing of the events which were to follow the "public" hearing. He specifically failed to advise the audience it was entitled to remain for the balance of the agenda, and the doors were closed when the audience left the room. He informed the audience how to obtain the Zoning Board's decision later in the afternoon, implying that this was how they would learn of the disposition of the cases. The audience had the right to be present for the remainder of the meeting which included the vote and decision on the conditional use permit involved. There was no need or basis to "adjourn" the public hearing. The entire meeting was required to be public. In any event, evidentiary hearings are not

"adjourned," they are "concluded." The use of the word "adjourn" coupled with other actions, raises a strong inference that it was the intention of the chairman that the public leave the meeting.

Appellees rely on *Harms v. Adams,* 238 Ga. 186 (232 SE2d 61) (1977), where the Georgia Supreme Court addressed the issue of how "open" is "open" within the meaning of the earlier Sunshine Law. In *Harms,* John Harms brought suit against the mayor and city council of Union City seeking to have the action taken by them declared void because the meetings violated requirements of the Sunshine Law. Former Code Ann. § 40-3301 provided "that 'All meetings of any . . . commission . . . of any . . . municipal corporation . . . at which official actions are to be taken are hereby declared to be public meetings and shall be open to the public at all times.' "[1] Id. at 187. In affirming the grant of Union City's motion for summary judgment, the Supreme Court determined that "[t]he evidence shows that, because of other activities being conducted in the council meeting room at city hall, the meetings were held in the mayor's office, a small and crowded room. *However, plaintiff's evidence does not show that the meetings were closed to the public (i.e., that any person was excluded from or denied admission to the meetings).*" (Emphasis supplied.) Id.

The present case is easily distinguishable, as *Harms* did not involve misinformation being provided to the public by the officials as does the present case, both in the published agenda and at the meeting. *Harms* involves no acts from which the intention to deceive the public can be inferred and is inapposite. The intentional, misleading acts of the county effectively excluded appellants from the Zoning Board meeting.

Based on the foregoing, the trial court erred in finding that appellants failed to establish a violation of the Open Meetings Act by a preponderance of the evidence.

OCGA § 50-14-1 (b) provides, in pertinent part, that "[a]ny . . . official action of an agency adopted . . . at a meeting which is not open to the public as required by this chapter shall not be binding." The Zoning Board's action on Harold McCay's petition herein involved is void and of no force and effect. Any future action in relation to this matter shall be consistent with this opinion and the laws of the State of Georgia, including OCGA § 50-14-1.

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

---

[1] Although the former Sunshine Law did not create notice requirements, see *Harms,* supra, and OCGA § 50-14-1 (d) requires publication of notice, there is no contention in the present case that the notice requirements were not met.

DECIDED JUNE 21, 1996.

*Robert M. Margeson III*, for appellants.
*Roberts, Roberts & Ingram, Stephen J. Ingram, Culpepper, Pfeiffer & Harpe, Guy D. Pfeiffer*, for appellees.