## A01A2286. BRYAN COUNTY BOARD OF EQUALIZATION v. BRYAN COUNTY BOARD OF TAX ASSESSORS.
(560 SE2d 719)

ANDREWS, Presiding Judge.

The sole issue before us on appeal is whether the Bryan County Board of Equalization is subject to the provisions of the Open Meetings Act when it deliberates and votes on matters before it. We conclude that it is and affirm.

The parties stipulated to the following facts. After receiving a valuation from the Board of Tax Assessors on two pieces of property, the Ford Plantation filed an appeal with the Board of Equalization. The Board of Equalization held an open hearing at which evidence

was presented as to the value of the property but, after hearing the evidence, closed the meeting and conducted their deliberations and voting in private. The Board of Tax Assessors sued to set aside the decision for violation of the Open Meetings Act and requested an injunction to prevent further violations of the Open Meetings Law.

> Under Georgia's Open Meetings Act, OCGA § 50-14-1, all "meetings" of an agency or authority of a municipality shall be open to the public. Meetings are defined under the Act as "the gathering of a quorum of the members of the governing body of an agency or of any committee of its members created by such governing body . . . at a designated time and place at which official business or policy of the agency is to be discussed or at which official action is to be taken or, in the case of a committee, recommendations on official business or policy to the governing body are to be formulated or discussed." OCGA § 50-14-1 (a) (2); see *Red & Black Pub. Co. v. Bd. of Regents*, 262 Ga. 848, 852 (3) (427 SE2d 257) (1993). However, before we begin our analysis under this Act, "(w)e must bear in mind that the Open Meetings Act must be broadly construed to effect its purposes of protecting the public and individuals from closed-door meetings. (Cit.)" *Kilgore v. R. W. Page Corp.*, 261 Ga. 410, 411 (2) (405 SE2d 655) (1991). "(T)he policy of this state is that the public's business must be open, not only to protect against potential abuse, but also to maintain the public's confidence in its officials. (Cit.)" *Red & Black Pub. Co.*, supra at 854.

(Emphasis omitted.) *Jersawitz v. Fortson*, 213 Ga. App. 796, 798 (1) (446 SE2d 206) (1994).

The Board of Equalization acknowledges that it is an agency subject to the Open Meetings Act and that its meetings must be open to the public. It contends, however, that when it deliberates and votes on tax appeals, it is performing a quasi-judicial function and is therefore entitled to deliberate and vote in private.

First, we note that the Act specifically excludes certain proceedings from its provisions. Deliberations of the Boards of Equalization do not come under any of the specific exclusions. OCGA § 50-14-3. Next, the Act itself provides a two-prong test for its applicability: "first, is the meeting one of a 'governing body of an agency' or any committee thereof?; and second, is the meeting one 'at which official business or policy of the agency is to be discussed or at which official action is to be taken(?)" *Red & Black Pub. Co.*, supra at 853 (3). Under this test, the Act applies to all meetings of the Board of Equalization, including deliberations and voting.

In addition, this Court disapproved a similar procedure in *Beck v. Crisp County Zoning Bd. of Appeals*, 221 Ga. App. 801 (472 SE2d 558) (1996). In *Beck*, the Zoning Board of Appeals adjourned the public hearing prior to deciding and voting on the matters before it. Id. at 801-802. We held that the public had the right to be present for the remainder of the meeting, including the deliberations and voting. Id. at 803.

We are not persuaded by the Board of Equalization's arguments that as quasi-judicial bodies, they are entitled to conduct their deliberations and voting in secret. We realize that "openness in sensitive proceedings is sometimes unpleasant, difficult, and occasionally harmful. Nevertheless, the policy of this state is that the public's business must be open, not only to protect against potential abuse, but also to maintain the public's confidence in its officials." *Red & Black Pub. Co.*, supra at 854 (3) (b).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED FEBRUARY 19, 2002 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Ray C. Smith*, for appellant.

*Thurbert E. Baker, Attorney General, Kathryn L. Allen, Senior Assistant Attorney General, Henderson & Harvey, Michele M. Henderson*, for appellee.