2010 WY 2

**CHEYENNE NEWSPAPERS, INC., a Wyoming corporation, Appellant (Plaintiff),**

v.

**BUILDING CODE BOARD OF APPEALS Of the CITY OF CHEYENNE, Appellee (Defendant).**

No. S–09–0103.

Supreme Court of Wyoming.

Jan. 8, 2010.

Representing Appellant: Bruce T. Moats of Law Office of Bruce T. Moats, P.C., Cheyenne, Wyoming.

Representing Appellee: Kate M. Fox of Davis & Cannon, LLP, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Cheyenne Newspapers, Inc. (the Newspaper), appeals from a summary judgment granted by the district court in favor of the Building Code Board of Appeals of the City of Cheyenne (the Board), declaring that certain Board action did not violate the Wyoming Public Meetings Act, and that such action, therefore, was not null and void. We affirm in part and reverse in part.

## ISSUES

[¶ 2] 1. Are quasi-judicial deliberations following a contested case hearing under the Wyoming Administrative Procedures Act (WAPA) subject to the Wyoming Public Meetings Act (the Act)?

2. Did the Board take any action that must be considered null and void when it met in private to deliberate on a contested case hearing and then voted on its decision in a public meeting?

## FACTS

[¶ 3] The Board was created by an ordinance of the City of Cheyenne, a municipality duly incorporated by the State of Wyoming. Board procedures are governed by rules pro-

mulgated in 1997. In 2008, the City of Cheyenne's Historic Preservation Board denied permits to demolish six houses in an historic district. The homeowners appealed to the Board. The Board conducted a public contested case hearing on June 27, 2008, during which hearing the parties were represented by counsel, witnesses were heard, and exhibits presented. At the close of the hearing, the Board retired to deliberate in private. These private deliberations, which the Board characterized as "quasi-judicial" rather than "executive session," extended into a meeting on July 2, 2008. The Board then convened a public meeting on July 14, 2008, during which it discussed its prior deliberations and then voted to adopt a draft decision affirming the denial of the demolition permits.

[¶ 4] On July 8, 2008, the Newspaper filed in the district court a Petition for Injunction, seeking an order prohibiting the Board from entering a decision prior to deliberating in a public meeting. Because the Board issued its decision before the Newspaper's petition was heard, the Newspaper on July 16, 2008 filed an Amended Complaint, seeking instead an order declaring the Board's action to be "null and void as not in conformance with the Wyoming [Public] Meetings Act."

[¶ 5] Both parties filed in the district court motions for summary judgment, which motions were heard upon their additional filing of a Joint Statement of Undisputed Facts. The district court determined that the Newspaper had standing to pursue the action, that the Act did not apply to quasi-judicial deliberations after a contested case hearing pursuant to the WAPA, and that the Board's action was, therefore, not null and void. Summary judgment was granted to the Board, which led to the instant appeal.

### DISCUSSION

[¶ 6] Before we discuss the substantive issues in the case, we must very briefly address the jurisdictional standing issue mentioned by the Newspaper, although not challenged by the Board. We will note simply that we are satisfied that the Newspaper has standing to seek a declaration from the courts that the public, and the media as the public's representative, have standing under our precedent to determine the applicability of the Act under these circumstances. *See Jolley v. State Loan & Inv. Bd.*, 2002 WY 7, ¶¶ 6–10, 38 P.3d 1073, 1076–79 (Wyo.2002); *Mgmt. Council of the Wyo. Legislature v. Geringer*, 953 P.2d 839, 841–42 (Wyo.1998); *Washakie County Sch. Dist. No. One v. Herschler*, 606 P.2d 310, 316–18 (Wyo.1980). In particular, *Sheridan Newspapers, Inc. v. City of Sheridan*, 660 P.2d 785, 791–95 (Wyo. 1983), recognizes that the public has the right to know what its government is doing, and that members of the "press are the eyes and ears of the people." *Id.* at 791.

[¶ 7] Although it is not affirmatively identified as such, the Newspaper's Amended Complaint is of the nature of a declaratory judgment action brought pursuant to Wyo. Stat. Ann. § 1–37–103 (LexisNexis 2009), which reads as follows:

Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.

[¶ 8] We have held that summary judgment may be an appropriate resolution of a declaratory judgment action. *Coffinberry v. Bd. of County Comm'rs of County of Hot Springs*, 2008 WY 110, ¶ 3, 192 P.3d 978, 979 (Wyo.2008). Our standard for reviewing a summary judgment granted in a declaratory judgment action is as follows:

We review a grant of summary judgment entered in response to a petition for declaratory judgment *de novo*. *Wyo. Cmty. Coll. Comm'n v. Casper Cmty. Coll. Dist.*, 2001 WY 86, ¶ 11, 31 P.3d 1242, 1247 (Wyo.2001). "We accord no deference to the district court on issues of law and may affirm the summary judgment on any legal grounds appearing in the record." *Id.* "The summary judgment can be sustained only when no genuine issues of material fact are present and the moving party is

entitled to judgment as a matter of law."
*Id.*

*Voss v. Goodman,* 2009 WY 40, ¶ 9, 203 P.3d
415, 419 (Wyo.2009).

■■■■ [¶ 9] The question presented to
the Court is one of statutory construction.
The rules for that process are well estab-
lished:

> In interpreting statutes, our primary con-
> sideration is to determine the legislature's
> intent. All statutes must be construed in
> *pari materia* and, in ascertaining the
> meaning of a given law, all statutes relat-
> ing to the same subject or having the same
> general purpose must be considered and
> construed in harmony. Statutory con-
> struction is a question of law, so our stan-
> dard of review is de novo. We endeavor to
> interpret statutes in accordance with the
> legislature's intent. We begin by making
> an inquiry respecting the ordinary and ob-
> vious meaning of the words employed ac-
> cording to their arrangement and connec-
> tion. We construe the statute as a whole,
> giving effect to every word, clause, and
> sentence, and we construe all parts of the
> statute in *pari materia.* When a statute is
> sufficiently clear and unambiguous, we
> give effect to the plain and ordinary mean-
> ing of the words and do not resort to the
> rules of statutory construction. Moreover,
> we must not give a statute a meaning that
> will nullify its operation if it is susceptible
> of another interpretation.
>
> Moreover, we will not enlarge, stretch,
> expand, or extend a statute to matters that
> do not fall within its express provisions.
>
> Only if we determine the language of a
> statute is ambiguous will we proceed to the
> next step, which involves applying general
> principles of statutory construction to the
> language of the statute in order to con-
> strue any ambiguous language to accurate-
> ly reflect the intent of the legislature. If
> this Court determines that the language of
> the statute is not ambiguous, there is no
> room for further construction. We will
> apply the language of the statute using its
> ordinary and obvious meaning.

*BP Am. Prod. Co. v. Dep't of Revenue,* 2005
WY 60, ¶ 15, 112 P.3d 596, 604 (Wyo.2005)
(internal citations and quotations omitted).

We must accept statutes as they are written;
neither omitting words that are included, nor
including words that are omitted. *Id.; Hede
v. Gilstrap,* 2005 WY 24, ¶ 6, 107 P.3d 158,
163 (Wyo.2005); *Fontaine v. Bd. of County
Comm'rs of Park County,* 4 P.3d 890, 895
(Wyo.2000); *In re Adoption of Voss,* 550 P.2d
481, 485 (Wyo.1976).

■■■■ [¶ 10] Whether a statute is am-
biguous is a question of law for the Court's
determination. *Dep't of Revenue & Taxa-
tion v. Pacificorp,* 872 P.2d 1163, 1166 (Wyo.
1994). A statute is unambiguous if reason-
able persons are able to agree as to its
meaning with consistency and predictability,
while a statute is ambiguous if it is vague or
uncertain and subject to varying interpreta-
tions. *Id.* (internal citations and quotation
marks omitted).

[¶ 11] The instant case focuses upon the
language of Wyo. Stat. Ann. § 16–4–403(a)
(LexisNexis 2009), which reads as follows:

> (a) All meetings of the governing body
> of an agency are public meetings, open to
> the public at all times, except as otherwise
> provided. No action of a governing body
> of an agency shall be taken except during
> a public meeting following notice of the
> meeting in accordance with this act. Ac-
> tion taken at a meeting not in conformity
> with this act is null and void and not
> merely voidable.

The following definitions found in Wyo. Stat.
Ann. § 16–4–402(a) (LexisNexis 2009) are
relevant to the issues presented:

> (a) As used in this act:
>
> (i) "Action" means the transaction of of-
> ficial business of an agency including a
> collective decision of a governing body, a
> collective commitment or promise by a
> governing body to make a positive or nega-
> tive decision, or an actual vote by a gov-
> erning body upon a motion, proposal, reso-
> lution, regulation, rule, order or ordinance;
>
> (ii) "Agency" means any authority, bu-
> reau, board, commission, committee, or su-
> bagency of the state, a county, a municipal-
> ity or other political subdivision which is
> created by or pursuant to the Wyoming
> constitution, statute or ordinance, other
> than the state legislature and the judiciary;

(iii) "Meeting" means an assembly of at least a quorum of the governing body of an agency which has been called by proper authority of the agency for the purpose of discussion, deliberation, presentation of information or taking action regarding public business[.]

[¶ 12] The nature of the administrative proceedings in this case leads us to single out one other statute that must be addressed. Wyo. Stat. Ann. § 16–3–110 (LexisNexis 2009), which is part of the WAPA, reads as follows:

A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. Parties shall be notified either personally or by mail of any decision or order. A copy of the decision and order shall be delivered or mailed forthwith to each party or to his attorney of record.

■■■■■ [¶ 13] The answer to the first question—whether the quasi-judicial deliberations following a contested case hearing under the WAPA are subject to the Act—can readily be answered by application of the rules of statutory construction to the Act. The starting point, of course, is the mandate in Wyo. Stat. Ann. § 16–4–403(a) that "[a]ll meetings of the governing body of an agency are public meetings. . . ." First, it is logical to ask whether the Board is an "agency" under Wyo. Stat. Ann. § 16–4–402(a)(ii) because, if it is not, the Act does not apply. We would be hard-pressed to find any ambiguity in that statutory subsection, and equally hard-pressed to say that the Board is not an "agency" under the definition. The Board is a "board" created by an ordinance of the City of Cheyenne, which is a municipality. Next, we should ask whether a "meeting," as defined in Wyo. Stat. Ann. § 16–4–402(a)(iii),

took place. Once again, the statute is clear, and there is no factual dispute; the Board met to discuss and deliberate the appeal from the action of the City's Historic Preservation Board. Surely, no one could argue that such was not "public business," and there has been no suggestion that fewer than a quorum of the members was present.

■■■ [¶ 14] The Board attempts to "hang its hat," at least in part, on the contention that it is not a "governing body" under the Act. Noting that the phrase "governing body" is not defined in the Act, it points out that, under Wyo. Stat. Ann. § 15–1–101(a)(vi) (LexisNexis 2009), "governing body" is defined as "the council or commission constituting the elected legislative body of any city or town including the mayor who is the presiding officer." The Board also directs the Court to Wyo. Stat. Ann. § 35–10–201(b) (LexisNexis 2009), where "governing body" is defined as the city council or the board of county commissioners. We find these statutory references to be unhelpful, at best, and misleading, at worst. Wyo. Stat. Ann. § 15–1–101(a)(vi) defines the phrase solely for the purposes of Title 15, which contains the statutory authority for cities and towns in Wyoming. Wyo. Stat. Ann. § 35–10–201(b) defines the phrase solely for the purposes of Article 2 of Title 35, which provides for the regulation of fireworks.[1]

[¶ 15] Generally speaking, a "governing body" is the "group . . . having ultimate control." *Black's Law Dictionary* 764 (9th ed. 2009). In the instant case, the group having ultimate control over the Board's decisions is the Board. It is not the city council. Furthermore, to define "governing body" in Wyo. Stat. Ann. § 16–4–402(a)(iii) to limit it to the city council in all matters municipal would render the definition of "agency" in subsection (ii) of that statute less than meaningless; it would make it nonsensical. Simply put, if the legislature had intended to limit application of the Act to city councils and boards of county commissioners, it would

1. The Board did not exhaust the list. For example, Wyo. Stat. Ann. § 16–3–101(b)(i) (LexisNexis 2009) exempts the governing body of a city or town from the definition of "agency" under the WAPA, and Wyo. Stat. Ann. § 37–13–103(a)(viii) (LexisNexis 2009) defines "governing body" to include boards of county commissioners, city councils, and the boards of trustees of improvement districts for the purposes of the Wyoming Underground Conversion of Utilities Law.

have said so. Instead, it unambiguously included all of the entities listed in the definition of "agency." [2]

[¶ 16] So far, then, we have concluded that the Board is subject to the Act. The next question is whether quasi-judicial deliberations after a WAPA contested case hearing may be closed to the public. The answer is "no." Wyo. Stat. Ann. § 16–4–403(a) mandates that all meetings of the governing body of an agency are public meetings, "except as otherwise provided." Under the Act, the only provision for closed meetings is for executive sessions as described in Wyo. Stat. Ann. § 16–4–405 (LexisNexis 2009), which does not include quasi-judicial deliberations after a WAPA contested case hearing. In fact, the legislature in 1995 amended the definition of "meeting" to include "discussion, deliberation, presentation of information." Act of July 1, 1995, ch. 110, sec. 1, § 16–402(a)(iii), 1995 Wyo. Laws 207, 208.[3] The Act now clearly intends that an agency's deliberations occur during a public meeting.[4]

[¶ 17] Finally, we will state our perception that Wyo. Stat. Ann. § 16–3–110, set forth above, does not change this conclusion (see supra ¶ 12). Wyo. Stat. Ann. § 16–3–110, which is part of the WAPA, provides for notification of parties and their attorneys, either personally or by mail, of the decision or order of an agency after a contested case hearing. Similar provisions have been interpreted as indicating that the decision need not have been reached in a public meeting. See Stillwater Sav. & Loan Ass'n v. Oklahoma Sav. & Loan Bd., 534 P.2d 9, 11 (Okla. 1975). We do not believe that such a notice requirement serves to defeat the specific requirements of the Act. First, there may be many reasons to require proof of notice of a contested case decision. Second, Wyo. Stat. Ann. § 16–4–407 (LexisNexis 2009) provides that, in the event of statutory conflicts, the provisions of the Act control.

[¶ 18] The conclusion that the quasi-judicial deliberations of an agency after a contested case hearing pursuant to the WAPA are not exempt from the Act does not answer the second question presented to the Court, which is whether some action was taken by the Board that the Court must declare to be null and void. In that regard, we find the facts of this case to be much like those in Mayland v. Flitner, 2001 WY 69, 28 P.3d 838 (Wyo.2001). In Mayland, a board of county commissioners entered into executive session in violation of the Act, but took no action during that meeting that this Court found should be considered void. Id. at ¶ 31, 28 P.3d at 849. Instead, as in this case, the commissioners took action only later at an appropriately called public meeting. In other words, although the first sentence of Wyo. Stat. Ann. § 16–4–403(a) was violated when the private meeting took place, the second sentence was not violated because the agency's action took place at a public meeting. Thus, the third sentence, wherein the action is declared null and void, does not apply.

### CONCLUSION

[¶ 19] The Board violated Wyo. Stat. Ann. § 16–4–403(a) by deliberating at a closed meeting, but the agency action took place at a public meeting, so that agency action is not null and void. We reverse the conclusion of the district court that the Act does not apply to quasi-judicial deliberations

2. That is what distinguishes this case from Decker v. Wyoming Medical Commission, 2008 WY 100, ¶¶ 17–19, 191 P.3d 105, 118–19 (Wyo.2008), wherein we determined that a panel created by the Medical Commission was neither an "agency" nor a "governing body" under the Act.

3. This amendment may have been in response to Ward v. Goshen County School District No. 1, 865 P.2d 618, 621 (Wyo.1993), where we noted that the prior definition of "meeting" in the Act was limited to "an assembly of the governing body of an agency *at which action is taken.*" (Emphasis added.)

4. It is up to the legislature to decide the policy question of whether quasi-judicial deliberations are to take place at public meetings. Compare Kennedy v. Upper Milford Township Zoning Hearing Board, 575 Pa. 105, 834 A.2d 1104, 1118 n. 28 (2003) (quasi-judicial deliberations included as legitimate purpose for executive session) with Bryan County Board of Equalization v. Bryan County Board of Tax Assessors, 253 Ga.App. 831, 560 S.E.2d 719, 720 (2002) (board deliberations not included in statutory exclusions to open meetings act).

of an agency after a WAPA contested case hearing, but we affirm the conclusion of the district court that the Board took no action that must be declared null and void.

KITE, Justice, specially concurring, in which HILL, J., joins.

[¶ 20] I write separately to dispel any misperception that this decision renders meaningless the public deliberation provisions of the Wyoming Public Meetings Act (the Act).

[¶ 21] I agree that the Board is a governing body covered by the Act and its meeting in executive session was illegal. Any action, including deliberations, taken during that meeting was void. The record does not indicate what action was taken, if any, during the illegal meeting. However, the Board ultimately took action and adopted its findings and conclusions in a public meeting and no provision of the Act renders void agency action taken in public that may have been discussed and/or acted upon in an illegal private meeting. We faced this same conundrum in *Mayland v. Flitner*, 2001 WY 69, 28 P.3d 838 (Wyo.2001), and concluded that the later action was not void. However, in that case, the record at least indicated that the only action taken in executive session was discussion of the matter and directing the county attorney to prepare findings and conclusions that could be addressed "prior to the County Commissioners making a final decision." *Id.*, ¶ 29, 28 P.3d at 848. In contrast, the Board in this case convened the executive session for the purpose of deliberating, and the record does not indicate what occurred during the closed session.

[¶ 22] The legislature has stated, in clear and unequivocal language, that agencies are prohibited from deliberating behind closed doors. However, it has not adopted a statutory prohibition of public agency action taken after a closed door meeting. If we were to conclude an agency's ultimate action was void

because it had been previously discussed in private, we would be going beyond what the legislature has provided. In addition, that interpretation would essentially prevent an agency from ever being able to correct a violation of the Act and, thus, render it unable to act at all. So, are the citizens of this state left without a remedy when recalcitrant agencies simply refuse to follow the statute so long as they cover their tracks with a public announcement of their action? The statutes provide otherwise. Specifically, any member of an agency who either takes action, or conspires to take action, that violates the requirements of the Act is guilty of a misdemeanor and subject to a $750 fine. Wyo. Stat. Ann. § 16-4-408(a) (LexisNexis 2009). Any member who remains in a meeting where a knowing violation occurs is also guilty unless the minutes of the meeting record that member's objection. Id. Further, if citizens are aware in advance of an agency's intent to violate the Act, they may apply to the courts for an injunction preventing such violation. W.R.C.P. 65. Cheyenne Newspapers attempted to obtain such a remedy in this case, but the agency acted before that could be accomplished.

[¶ 23] The Act has been in place for over thirty years and agencies throughout the state, in matters arguably of much greater public import than those faced by this Board, have complied with its simple requirement to conduct the business of the public in the open. Yet, for some reason, the Board concluded it was exempt from these requirements and even went so far as to adopt regulations which purported to provide it with authority to ignore the statute and hold executive sessions whenever it chose.[5] The Board also ignored the city attorney's request that it conduct its deliberations in public. In the face of that direct defiance of the law, injunctive relief may well have been appropriate.

---

**5.** Rules and Regulations of City of Cheyenne Building Code Board of Appeals, Chapter IV, Section 5:

All meetings and hearings at which official action is taken shall be open to the public, except for deliberations after public hearings.

Rules, *supra*, Chapter XI, Section 7(d):

Deliberations may be in public or private, as determined by the Board.

BURKE, Justice, concurring in part and dissenting in part.

[¶ 24] I agree with the majority that an agency's deliberations after a contested case hearing are subject to the requirements of the Wyoming Public Meetings Act, and that the Board violated this Act when it deliberated at a closed meeting. However, I conclude that the record is insufficient to support a finding that the Board took no action during the meeting. Accordingly, I would reverse the district court's grant of summary judgment, and remand for further proceedings to resolve this genuine issue of material fact.

[¶ 25] The Wyoming Public Meetings Act provides that no "action" by a governing body of an agency shall be taken "except during a public meeting." Wyo. Stat. Ann. § 16–4–403(a) (LexisNexis 2009). The term "action" is broadly defined to include "a collective decision of a governing body, a collective commitment or promise by a governing body to make a positive or negative decision, or an actual vote by a governing body upon a motion, proposal, resolution, regulation, rule, order or ordinance." Wyo. Stat. Ann. § 16–4–402(a)(i). Any "action" not taken during a public meeting is "null and void." Wyo. Stat. Ann. § 16–4–403(a).

[¶ 26] It is undisputed that the Board in this case met and deliberated during a closed meeting. The majority holds that the Act requires an agency to deliberate only during a public meeting, but further concludes that deliberation alone is not an "action" rendered null and void when an agency deliberates in a prohibited meeting. I may agree that this interpretation is mandated by the plain language of the Act, but I do so reluctantly because of the practical result: the Board violated the Act, but there is no meaningful remedy available for the public.

[¶ 27] More significantly, when analyzed under the appropriate standard of review, the record in this case fails to establish that the Board did not take action during its private meeting. There is no transcript or recording of the meeting. The pertinent paragraphs of the parties' Joint Statement of Undisputed Facts provide little insight into what the Board did during the meeting:

5. The Board of Appeals conducted a public contested case hearing on the appeal, in accordance with its Rules and Regulations, on June 27, 2008, during which the parties were represented by counsel, witnesses were heard, and exhibits presented. At the close of the contested case hearing, the Board of Appeals retired to deliberate in private.

6. The Board of Appeals did not meet in executive session, but rather determined that it was deliberating in its quasi-judicial role.

7. A quorum of the Board of Appeals was present for the July 2, 2008 deliberation, which was called by the proper authority. A transcript of the July 2, 2008 public meeting is attached hereto as Exhibit 1.

8. The Board of Appeals drafted its 19–page Decision and held a public meeting July 14, 2008 to discuss the Decision, which it then adopted. The transcript of that public meeting and the Decision issued by the Board of Appeals are attached hereto as Exhibits 2 and 3.

[¶ 28] According to the transcripts of the public meetings, on July 2, 2008, the Board passed a motion "that we go into closed deliberation." Later, during the public meeting held on July 14, 2008, the hearing examiner explained that the Board "conducted a four (4) hour meeting in this matter and then we retired to deliberate." He stated that he "began to draft our written opinion" after the private deliberations. The "opinion" was nineteen pages long, was complicated enough to include twenty-eight footnotes, and dealt with difficult and controversial issues. Even so, the Board's discussion at the open meeting was quite brief, consisting almost entirely of the hearing examiner's explanation of a few select findings and conclusions in the draft decision. After this brief discussion, the Board voted unanimously to uphold the Historic Preservation Board's decision. The decision was signed immediately after the vote, with one Board member suggesting that it would be signed and finished in "like seven minutes."

[¶ 29] This information is insufficient to establish that the Board did not take any action during the closed meeting. To the

contrary, the Board's perfunctory discussion during the public meeting, its unanimous vote on the question, and its immediate adoption of the written decision, all suggest that the Board did more than just deliberate during the closed meeting. It is fair to infer that the Board reached its decision during the closed meeting, and did little more than ratify the prior decision during the public meeting. In the language of the Act, the Board did take "action" if it reached "a collective decision of a governing body" during the closed meeting. Pursuant to the Act, such action would be null and void. *See Emery v. City of Rawlins*, 596 P.2d 675, 679 (Wyo.1979) (A city council may meet in private "for the purpose of discussing a subject and soliciting expert advice *so long as no vote is taken nor a collective decision made.*") (emphasis added).

[¶ 30] The party opposing summary judgment is entitled to the benefit of these favorable inferences. *Brumbaugh v. Mikelson Land Co.*, 2008 WY 66, ¶ 11, 185 P.3d 695, 701 (Wyo.2008). As the majority states, "summary judgment can be sustained only when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law." *Voss v. Goodman*, 2009 WY 40, ¶ 9, 203 P.3d 415, 419 (Wyo.2009), quoting *Wyoming Community College Comm'n v. Casper Community College Dist.*, 2001 WY 86, ¶ 11, 31 P.3d 1242, 1247 (Wyo.2001). Whether the Board took action during its closed meeting is certainly a material fact in this case, and is genuinely at issue given the record before us now. Accordingly, the district court's grant of summary judgment in favor of the Board cannot be sustained.