2015 WY 70

**SHERIDAN NEWSPAPERS, INC.,**
Appellant (Petitioner),

v.

**BOARD OF TRUSTEES OF SHERIDAN COUNTY SCHOOL DISTRICT #2, State of Wyoming, Appellee (Respondent).**

No. S–14–0259.

Supreme Court of Wyoming.

May 14, 2015.

Representing Appellant: Bruce T. Moats, Law Office of Bruce T. Moats, P.C., Cheyenne, Wyoming.

Representing Appellee: Kendal R. Hoopes, Yonkee & Toner, LLP, Sheridan, Wyoming.

Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.

KITE, Justice.

[¶1] Sheridan Newspapers, Inc. (Newspaper) sought a court order requiring the Board of Trustees of Sheridan County School District # 2 (Board) to release the minutes from any executive session held by the Board during which a proposed multi-purpose recreational facility was discussed. The Board filed a motion for summary judgment asserting the matters discussed during executive session fell within exceptions to the Wyoming Public Meetings Act (WPMA) and the minutes were confidential. With the motion, the Board filed under seal the minutes of the executive sessions at issue. After reviewing the minutes *in camera*, the district court entered an order granting summary judgment for the Board. The Newspaper appealed the order. Finding that the minutes are so vague as to reveal virtually nothing about the Board's discussions during the executive sessions, we conclude they are not confidential and reverse.

## ISSUE

[¶ 2] The issue for our determination is whether the district court erred in concluding that the matters the Board discussed during executive sessions fell within the exceptions to the WPMA's public meetings requirement and the minutes from those sessions are confidential.

## FACTS

[¶ 3] For a number of years prior to the initiation of the present action, the Board had been exploring ways to upgrade Sheridan High School, including its recreational facilities. One of the options considered was a multi-purpose recreational facility to meet the needs not only of the high school but the entire community. In 2013, school district representatives and various community groups held meetings to discuss the proposed facility. Upon becoming aware of the proposed facility and the community meetings concerning it, the Newspaper examined the Board's meeting agendas and minutes in an effort to learn more about the proposal and found no reference to the proposed facility. The Newspaper then interviewed members of the Board and learned that the proposed facility had only been discussed in executive sessions.

[¶ 4] In February of 2014, the Newspaper filed a petition requesting release of minutes reflecting Board discussion of the proposed multi-purpose recreational facility during executive sessions. In support of its petition, the Newspaper cited the WPMA, Wyo. Stat. Ann. §§ 16–4–401 through 16–4–408 (LexisNexis 2013), which provides that all meetings of a governmental body of an agency are public meetings unless they fall within one of the exceptions authorizing executive sessions found in § 16–4–405. The Newspaper alleged the district superintendent had acknowledged the Board discussed the recreational facility in executive sessions and claimed the executive sessions were authorized under § 16–4–405(a)(vii), which allows a governing body to hold executive sessions in order "to consider the selection of a site or the purchase of real estate when the publicity regarding the consideration would cause a likelihood of an increase in price." The

Newspaper further alleged that for two years the school district had been gathering input from various groups in the community about the construction of a multi-purpose recreational facility, rendering without merit the superintendent's contention that the executive sessions were necessary to prevent an increase in price as a result of publicity.

[¶ 5] The Board answered the petition, asserting the executive sessions were allowed under the WPMA and the minutes were confidential. Subsequently, the parties advised the district court that they had agreed the executive session minutes should be submitted to the court for an *in camera* review. The district court entered an order requiring the Board to deliver the minutes by a specified date. With the minutes, the Board filed a motion for summary judgment and supporting memorandum. The Board asserted the executive sessions were proper because during those sessions it discussed matters involving employees, pending litigation, consideration of a site or purchase of real estate, information classified as confidential by law or student expulsions, all of which are recognized exceptions under § 16–4–405(a) of the WPMA.

[¶ 6] The Newspaper opposed the Board's motion, arguing the multi-purpose recreational facility was not a proper subject for discussion in executive session and asking the district court to order release of the minutes of meetings in which the facility was discussed. After a hearing, the district court entered its order granting the motion for summary judgment finding that all issues discussed by the Board during executive session were "within the framework of what may be kept confidential pursuant to the [WPMA]." The Newspaper timely appealed.

## STANDARD OF REVIEW

[¶ 7] We review the district court's order granting the Board's summary judgment motion *de novo*. *Horning v. Penrose Plumbing & Heating, Inc.*, 2014 WY 133, ¶ 10, 336 P.3d 151, 153 (Wyo.2014). We also review *de novo* the district court's interpretation of the WPMA. *Id.*

## DISCUSSION

[¶ 8] The question before us is whether the district court correctly concluded the Board minutes are confidential. In the context of the Wyoming Public Records Act, Wyo. Stat. Ann. §§ 16-4-201 through 16-4-205, we have said:

The burden of proof is on the custodian to overcome our inherent presumption that "the denial of inspection is contrary to public policy," and the custodian "must . . . test any contemplated withholding decision by asking whether withdrawal will be in the public interest."

Consistent with the WPRA's overarching purpose, "the custodian, in any exercise of his right to withdraw, must confine his withdrawal discretion to those areas and circumstances prescribed by this Act," employing such discretion on a selective basis rather than through the withdrawal of entire categories of public records. Put another way, the WPRA creates a presumption that the denial of inspection is contrary to public policy, and therefore places "the burden of proof upon the custodian to show that the exercise of his discretion does not run afoul of statutory limitations in any particular instance where custodial withdrawal is effected."

*Aland v. Mead*, 2014 WY 83, ¶ 45, 327 P.3d 752, 766-767 (Wyo.2014), citing *Powder River Basin Res. Council ("PRBRC") v. Wyo. Oil & Gas Conservation Comm'n*, 2014 WY 37, ¶ 34, 320 P.3d 222, 231 (Wyo.2014) (internal citations omitted). For the same reasons, we conclude in the context of the WPMA that the agency has the burden of proving that nondisclosure of executive session minutes is supported by the Act.

[¶ 9] The following provisions of the WPMA are relevant in resolving the question of whether nondisclosure of the Board's executive session minutes is supported by the Act:

### § 16-4-401. Statement of purpose.

The agencies of Wyoming exist to conduct public business. Certain deliberations and actions shall be taken openly as provided in this act.

### § 16-4-402. Definitions.

(a) As used in this act:

(i) "Action" means the transaction of official business of an agency including a collective decision, a collective commitment or promise to make a positive or negative decision, or an actual vote upon a motion, proposal, resolution, regulation, rule, order or ordinance at a meeting;

(ii) "Agency" means any authority, bureau, board, commission, committee, or subagency of the state, a county, a municipality or other political subdivision which is created by or pursuant to the Wyoming constitution, statute or ordinance, other than the state legislature and the judiciary;

(iii) "Meeting" means an assembly of at least a quorum of the governing body of an agency which has been called by proper authority of the agency for the expressed purpose of discussion, deliberation, presentation of information or taking action regarding public business;

(iv) "Assembly" means communicating in person, by means of telephone or electronic communication, or in any other manner such that all participating members are able to communicate with each other contemporaneously;

(v) "This act" means W.S. 16-4-401 through 16-4-408.

### § 16-4-403. Meetings to be open; . . . .

(a) All meetings of the governing body of an agency are public meetings, open to the public at all times, except as otherwise provided. No action of a governing body of an agency shall be taken except during a public meeting following notice of the meeting in accordance with this act. Action taken at a meeting not in conformity with this act is null and void and not merely voidable.

. . . .

### § 16-4-405. Executive sessions.

(a) A governing body of an agency may hold executive sessions not open to the public:

. . . .

(ii) To consider the appointment, employment, right to practice or dismissal of a public officer, professional person or employee, or to hear complaints or charges

brought against an employee, professional person or officer, unless the employee, professional person or officer requests a public hearing. The governing body may exclude from any public or private hearing during the examination of a witness, any or all other witnesses in the matter being investigated. Following the hearing or executive session, the governing body may deliberate on its decision in executive sessions;

(iii) On matters concerning litigation to which the governing body is a party or proposed litigation to which the governing body may be a party;

. . . .

(vii) To consider the selection of a site or the purchase of real estate when the publicity regarding the consideration would cause a likelihood of an increase in price;

. . . .

(ix) To consider or receive any information classified as confidential by law;

(x) To consider accepting or tendering offers concerning wages, salaries, benefits and terms of employment during all negotiations;

(xi) To consider suspensions, expulsions or other disciplinary action in connection with any student as provided by law.

(b) Minutes shall be maintained of any executive session. Except for those parts of minutes of an executive session reflecting a member['s] objection to the executive session as being in violation of this act, minutes and proceedings of executive sessions shall be confidential and produced only in response to a valid court order.

(c) Unless a different procedure or vote is otherwise specified by law, an executive session may be held only pursuant to a motion that is duly seconded and carried by majority vote of the members of the governing body in attendance when the motion is made. A motion to hold an executive session which specifies any of the reasons set forth in paragraphs (a)(i) through (xi) of this section shall be sufficient notice of the issue to be considered in an executive session.

[¶ 10] The purpose of the WPMA is to require open decision making. *Gronberg v. Teton County Housing Authority,* 2011 WY 13, ¶ 25, 247 P.3d 35, 42 (Wyo.2011). The focus of the Act is on the process of governmental decision making, not on the ultimate decision. *Id.* Section 16–4–403(a) provides that all meetings of the governing body of an agency are public meetings, "except as otherwise provided." *Cheyenne Newspapers, Inc., v. Building Code Bd. of Appeals, City of Cheyenne,* 2010 WY 2, ¶ 16, 222 P.3d 158, 164 (Wyo.2010). The only provision of the Act allowing closed meetings is § 16–4–405. Unless the matter discussed falls within one of the exceptions identified in that provision, the Act clearly intends that agency "discussion, deliberation and presentation of information" occur at meetings open to the public. *Id.*

[¶ 11] After an *in camera* review of the minutes at issue in the present case, the district court concluded the matters discussed involved personnel matters, pending litigation, real estate, confidential information and student expulsion falling within subsections (a)(ii), (iii), (vii), (ix), (x) and (xi). Therefore, the district court found, the executive sessions were proper, the minutes were, therefore, automatically confidential and the Newspaper was not entitled to their release. Addressing specifically the recreational facility, the district court also stated "the School District has made available to the Newspaper all documents relevant to any plans in existence" regarding the facility.

[¶ 12] The sealed documents show that the Board went into executive session nineteen times between October 8, 2012, and February 10, 2014. During those meetings, the Board discussed a variety of matters, including school construction projects, personnel issues, potential sites for various school buildings, administrative evaluations and contracts, and the results of an audit. We are not concerned with minutes involving personnel issues, administrative evaluations and contracts or the audit because the Newspaper did not seek release of those minutes. Rather, we are concerned only with minutes that potentially involve the proposed recreational facility.

[¶ 13]   The minutes of seven of the executive sessions reflect discussion of matters relating in some fashion to real estate and the high school.  The minutes of six of those seven sessions state that the district attorney provided legal counsel on matters involving the high school, including legal advice "concerning architectural contracts for the high school," "real estate matter at SHS [Sheridan High School]," "bonding to upgrade SHS facilities," "upgrading of SHS site," "potential upgrades at SHS," "acquisition of new sites at SHS," and "contract with Sheridan Recreation."  The minutes of two executive sessions, December 3, 2012, and March 16, 2013, state that the "Board examined potential new sites near" or "at" Sheridan High School and "(publicity regarding consideration may cause a likely hood [sic] of an increase in price)."

[¶ 14]   Of the five WPMA provisions the Board cites as allowing for executive session, only three conceivably apply to the minutes of meetings in which the district attorney gave legal advice on matters concerning the high school.  Section 16–4–405(a)(iii) of the WPMA allows executive sessions to be convened on matters concerning litigation or proposed litigation to which the governing body is or may be a party.  Although the Board cites this provision in support of its argument that the minutes are confidential, it presents no argument that any of the particular executive sessions in which the district attorney provided legal advice on matters pertaining to the high school concerned litigation or potential litigation.  Neither do the executive session minutes themselves suggest the advice given by the district attorney concerned litigation.  We conclude § 16–4–405(a)(iii) did not support holding executive sessions in order to receive legal advice.

[¶ 15]   Section 16-4-405(a)(ix) allows executive sessions to be convened "to consider or receive any information classified as confidential by law."  Wyoming law classifies attorney-client communications as privileged and confidential.  Wyo. Stat. Ann. § 1–12–101(a)(i) (LexisNexis 2013).  To the extent that the Board went into executive session in order to obtain legal advice from the district attorney concerning matters involving the high school and Sheridan recreation, those sessions were proper under the WPMA.  Under the circumstances here, however, we conclude the minutes of those sessions are not confidential because they reveal nothing substantive about the content of the legal advice the district attorney gave to the Board and their disclosure would not, therefore, invade the attorney-client privilege.  To the contrary, the minutes contain only general information similar to that required under our rules of discovery when a party withholds information otherwise discoverable by claiming that it is privileged. W.R.C.P.  26(b)(5) provides that when a party withholds information as privileged,

> [T]he party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege.

In objecting to disclosure of the minutes in this case, the Board should have followed this procedure by specifically identifying the minutes to which it claimed the privilege applied and describing the nature of the communications contained in those minutes.

[¶ 16]   The final provision of the WPMA that might apply to meetings in which the district attorney gave legal advice is § 16–4–405(a)(vii), which allows executive sessions for consideration of a site or the purchase of real estate "when the publicity regarding the consideration would cause a likelihood of an increase in price."  This provision might also apply to the two executive sessions in which the Board "examined potential sites near" or "at" the high school.  However, the minutes do not identify any of the actual information the Board considered or received concerning real estate or potential sites.  The minutes are simply insufficiently descriptive to allow this Court to conclude that they were properly withheld from disclosure or that the Board properly convened executive sessions to have the discussion.  Although the minutes reflect the Board's concern at two of the sessions that publicity concerning the sites would likely

increase the price, and thereby invoked § 16-4-405(a)(vii), the minutes do not in any way identify any potential sites. Under these circumstances, we conclude the minutes themselves are not confidential because without more information about the sites, there is no likelihood their disclosure may likely cause an·increase in price. The legislature clearly intended to provide protection for minutes from properly held executive sessions if they would expose information that could affect the price of real estate being considered for purchase by the public entity. Bare-boned minutes such as those provided by the Board in this matter that do nothing but mention "potential sites" and recite the statutory grounds for the executive session are not entitled to confidential treatment.

[¶ 17]   One final matter warrants discussion. In reaching the conclusion that the executive sessions were proper and the minutes were confidential, the district court ruled that the common law deliberative process privilege this Court adopted in the context of the Wyoming Public Records Act (WPRA) in *Aland*, 2014 WY 83, 327 P.3d 752, also applies under the WPMA. We reverse the district court's ruling. Our holding in *Aland*, that the WPRA incorporates the deli-

berative process privilege was based on § 16-4-203(b)(v), which allows the custodian of public records to deny the right of inspection to an applicant on the ground that disclosure would be contrary to the public interest. No similar provision is contained in the WPMA. To the contrary, the legislature has expressly identified the circumstances in which a governing body of an agency may go into executive session and those circumstances do not include the deliberative process privilege. The rationale for our holding in *Aland* simply does not apply in the context of the WPMA.

[¶ 18]   We reverse the district court's order and remand with instructions to enter an order requiring the Board to release to the Newspaper the minutes provided for *in camera* inspection involving matters relating to real estate and potential sites near or at the high school.